# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ANTHONY BUSSIE,<br>    Plaintiff, | Case No. 1:14-cv-31 |
| vs | Black, J.<br>Bowman, M.J. |
| GENWORTH LIFE AND ANNUITY<br>INSURANCE COMPANY, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Federal Detention Center in Philadelphia, Pennsylvania, initiated this action by filing a *pro se* civil complaint without paying the requisite filing fee or submitting an *in forma pauperis* application in accordance with the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h).  (Doc. 1).  On January 16, 2014, the undersigned issued a Deficiency Order requiring plaintiff to either pay $400 ($350 filing fee plus $50 administrative fee) or submit a motion for leave to proceed *in forma pauperis* in compliance with the PLRA within thirty (30) days.  (Doc. 2).  Plaintiff was expressly advised that if he "fails to comply with this Order, the Court shall dismiss his case for want of prosecution."  (*Id.*, p. 2).

It appears from the Court's docket records that plaintiff was served with a copy of the Deficiency Order.  (*See* Doc. 3).  However, to date, more than thirty (30) days after the filing of the Deficiency Order, he has yet to pay the requisite $400 fee or submit an *in forma pauperis* application in accordance with the PLRA as directed in that Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.[1]

**IT IS SO RECOMMENDED.**

    s/Stephanie K. Bowman
    Stephanie K. Bowman
    United States Magistrate Judge

---

[1] It is noted that if plaintiff had filed an *in forma pauperis* application in compliance with the Deficiency Order, he would not have been granted pauper status because he has "accumulated at least three 'strikes'" within the meaning of 28 U.S.C. § 1915(g) and, therefore, is barred under that provision from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See Bussie v. Boehner*, No. 14-cv-00077-MJR, 2014 WL 585377 (S.D. Ill. Feb. 14, 2014).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY BUSSIE,<br>    Plaintiff, | Case No. 1:14-cv-31 |
| vs | Black, J.<br>Bowman, M.J. |
| GENWORTH LIFE AND ANNUITY<br>INSURANCE COMPANY, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc